(Decided 18th December, 1869.)

THOMAS P. LEONARD, JOHN MARQUETT and WIFE'S Lessee, *vs.* JAMES A. DIAMOND.

*Ejectment—Equitable interests or Chancery trusts.*

To maintain an action of ejectment, the claimant must have the legal title—an equitable title is not sufficient.

Leonard's Lessee *vs.* Diamond.

A conveyance of the entire property of the grantor to the grantee and his heirs—to the proper use and behoof of him and his heirs—in trust for the separate use of the wife of the grantor for life, then in trust for the grantor himself for life, without impeachment of waste, and from and after the death of the survivor of them, in further trust for the use and benefit of the right heirs of the wife in fee, vested the whole legal estate in the grantee, and constituted the estate of the *cestuis que trust* mere equitable interests or chancery trusts.

APPEAL from the Superior Court of Baltimore City.

This was an action of ejectment, instituted 10th of March, 1868, in the Superior Court of Baltimore City, by the lessee of the appellants against the appellee, the tenant in possession, to recover a lot of ground on Philpot street, in the city of Baltimore. The defendant appeared, and the usual consent rule was entered into, a plea of not guilty filed, and issue joined thereon.

The case was submitted to the Court (DOBBIN, J.,) instead of being tried before the jury, and judgment was given for the defendant. The facts of the case are sufficiently detailed in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER and ALVEY, J.

*Samuel Snowden*, for the appellant.

The purposes of the deed of trust from Despaux to Devine having been satisfied, or it being a plain trust, such as a Court of Equity will compel the trustee to convey, the Court was bound to presume a conveyance to the parties in remainder, so as to vest in them the legal title as right heirs of Catharine A. Despaux. *Hart vs. Knot, Cowp.*, 46; *Hodsden vs. Staple,* 2 *Term R.*, 684; *Doe vs. Sybourn,* 7 *Term,* 2; *Lade vs. Holford,* 3 *Burr,* 1416; *Hillary vs. Waller,* 12 *Vesey,* 252, 268; *Hopkins vs. Ward,* 6 *Munf.,* 41; *The Presb. Cong. vs. Johnston,* 1 *Watts & Sergt.,* 9; *Obert vs. Bordine,* 1 *Spencer (N. J.,)* 394; *Keys vs. Goldsborough,* 2 *H. & J.,* 369; *Matthews vs. Ward,* 10 *G. & J.,* 455.

And an outstanding title to defeat the action of eject-ment, must be such a one as to enable such third person to recover against either party to the suit. *George's Creek C. & I. Co. vs. Detmold*, 1 *Md.*, 234; *Selby vs. Willis*, 4 *H. & J.*, 242.

At the time of the demise laid in the declaration, both Mr. and Mrs. Despaux were dead, and the object of creat-ing the trust having ceased, the office of the trustee be-came *functus officio*, and he might have been compelled, in a Court of Equity, to convey to the *cestuis que trust* the property, as it was his duty to do. In such cases, Courts of law will presume the legal title to be vested in the par-ties in remainder, upon the principles as stated by Sir Wm. Grant, " that what ought to have been done, should be presumed to have been done."

The purchase by Despaux from the trustees, and pay-ment of the money, vested in him the equitable title to the property which was conveyed by him to Devine, and when the deed was executed by Gill and Purviance, trus-tees, to Despaux, in the year 1857, it operated by relation to vest in Despaux, the legal title to the property from the date of the purchase by him from the trustees, and enured to the benefit of Devine as trustee, and the pur-poses of the trust, having been executed, the legal title became vested in the parties in remainder. *Neel vs. Hughes*, 10 *G. & J.*, 11; *Jackson vs. Ramsey*, 3 *Cowen*, 75; *Hutton vs. Hatton*, 4 *Gill*, 127.

Despaux having acquired the legal title subsequently to the conveyance by him to Devine, it enured by way of estoppel to the benefit of the parties in remainder under said deed. *Corcoran vs. Brown*, 3 *Cranch Ct. Ct.*, 143; *Stow vs. Wyse*, 7 *Conn.*, 220.

Equitable estates are within the registry laws of this State and the record of the deed from Despaux and wife was notice to all subsequent purchasers from Despaux. *Alderson vs. Amos*, 6 *Md.*, 52; *Genl. Ins. Co. vs. U. S. Ins.*

*Co.*, 10 *Md.*, 517 ; *U. S. Ins. Co. vs. Shriver*, 3 *Md. Ch. Dec.*, 381 ; *Parkist vs. Alexander*, 1 *Johns. Ch.*, 397.

*J. Shaaff Stockett*, for the appellee.

To entitle the plaintiff's lessors to recover in this action, they must be able to show a legal title in themselves at the time of the demise laid in the declaration. *Elwood and Wife vs. Lannon's Lessee*, 27 *Md.*, 208 ; *Carroll vs. Norwood*, 5 *H. & J.*, 173 ; *Mitchell vs. Mitchell*, 1 *Md.*, 52 ; *Hammond's Lessee vs. Inloes, et al.*, 1 *Gill*, 430 ; *Lannay's Lessee vs. Wilson, et al.*, 30 *Md.*, 536.

At the time of the sale of the disputed premises by Despaux to Sherlock, in 1857, there was no evidence of record that the title to the premises was in any other than Despaux, under the deed from Gill and Purviance, trustees, dated 13th April, 1857, because the deed from Despaux and wife to Devine, dated 15th September, 1851, did not describe or even specifically refer to this particular property.

The trust deed of 1851, from Despaux and wife to Devine, conveyed no interest in the property acquired under the trust sale by Gill and Purviance, trustees, because of the want of sufficient reference to such sale, or description of any property or estate then acquired, and because Despaux had no recorded legal title to the premises when the trust deed to Devine was made. *Vide* Act of 1766, ch. 14, sec. 2.

BARTOL, C. J., delivered the opinion of the Court.

The appellants, plaintiff's lessors, claim title as right heirs of Catharine A. Despaux under the deed of Despaux and wife to Devine, dated September 5th, 1851.

By that deed all the property and estate, real, personal, and mixed, of Anthony Despaux, was conveyed to Devine and his heirs, to the proper use and behoof of said Devine and his heirs, in trust for the separate use of Catharine,

wife of Anthony Despaux, for life, then in trust for Anthony Despaux for life, without impeachment of waste, " and from and after the death of the survivor of them, the said Anthony and Catharine, then in trust for the use and benefit of the right heirs of said Catharine in fee."

At the time of the execution of this deed Anthony Despaux held an equitable title to the lot of ground in controversy in this case, under a purchase made by him from Gill and Purviance, trustees, duly appointed by a decree of Baltimore County Court sitting in Equity.

The sale was made on the 9th day of June, 1847, and was duly reported and finally ratified on the 14th day of September, 1847, and the purchase-money paid by Despaux, the purchaser.

On the 3d day of October, 1849, the trustees executed a deed conveying the property to Despaux, but this deed, though duly acknowledged, was never recorded.

On the 13th day of April, 1857, Gill and Purviance, trustees, executed another deed conveying the lot of ground in question to Anthony Despaux in fee, which was duly recorded on the day of its date. Ten days thereafter Anthony Despaux and wife united in a deed conveying for a valuable consideration the same lot of ground to John Sherlock in fee, under whom the appellee, defendant in possession, derives title.

Upon this state of facts, the case was submitted to the Superior Court, and a judgment was rendered for the defendant.

In our opinion, the judgment is correct, and ought to be affirmed. If it be conceded for the purposes of the case that the appellants' counsel is right in the several positions assumed by him in argument, that is to say:

1st. That the deed to Devine in 1851 operated to convey the equitable estate in the lot of ground in controversy, then held by Despaux, under his purchase from the trustees.

2d. That the deed to Despaux from the trustees, made on the 13th day of April, 1857, operated by relation to convey the legal title from the day of sale, as decided in *Hunter vs. Hatton & Kendrick*, 4 *Gill*, 127 ; which would enure by way of estoppel to the benefit of the grantee under the deed of 1851, as decided in *Corcoran vs. Brown*, 3 *Cranch, C. C. R.*, 143, and *Stow vs. Wyse*, 7 *Conn.*, 220.

And 3d. That the recorded deed of 1851 was constructive notice to John Sherlock of the prior conveyance of the lot in question, and that having such notice, his title, and that of the appellee, who claims under him, would be affected thereby, and that the doctrine of relation applies.

Without deciding these several propositions, but conceding them to be correct, still it is very clear the judgment must be affirmed upon the distinct ground that the appellants have not the legal title, without which they cannot maintain an action of ejectment. To show that to maintain ejectment the legal title is necessary, and an equitable title is not sufficient, we refer to 5 *H. & J.*, 173 ; 1 *Gill*, 430 ; 1 *Md.*, 52 ; 27 *Md.*, 208 ; and to *Lannay's Lessee vs. Wilson, et al.*, 30 *Md.*, 536.

On this question, we concur in the opinion expressed by the Judge of the Superior Court.

The trust created by the deed of 1851 is a continuing trust ; by its express terms, the whole legal estate was vested in Devine—the conveyance is to *him and his heirs, to the proper use and behoof of him and his heirs*—which vested in him, under the Statute, the whole legal estate, and constituted the estate of the *cestuis que trust*, mere equitable interests or Chancery trusts. *Ware vs. Richardson*, 3 *Md.*, 458 ; 2 *Crabb's Law of Real Property*, 508.

We concur in the opinion of the Superior Court that the case presents no ground for the presumption of a conveyance of the legal title by Devine to the *cestuis que trust* in remainder.

In cases of simple trusts, where a Court of Equity would

compel the trustee to convey, the presumption that a conveyance has been made will arise after the lapse of time, and in support of long-continued possession by the parties having the whole beneficial interest. But here there is no foundation for such a presumption; these appellants claiming as right heirs of Catharine Despaux are not now, and have never been in possession; and if they have any title to the premises under the deed of 1851, they are not clothed with the legal title, and therefore cannot, in any view of this case, maintain this suit.

To avoid misconstruction of this opinion, it is proper to add that we are not to be understood as deciding that the appellants, as right heirs of Catharine Despaux, and *cestuis que trust* in remainder, under the deed of 1851, have the equitable estate in the property. In the examination of the case, a very interesting question has occurred, growing out of the true construction, operation, and effect of that deed.

As has been said, conceding the doctrines of relation and estoppel to apply, the whole legal estate devolved upon Devine; and the *cestuis que trust* would be entitled to equitable estates only, limited to Catharine Despaux for life, remainder to Anthony for life, in the event of his surviving her, remainder in fee to the right heirs of Catharine.

Thus, an estate is given to Catharine for life, with remainder to her right heirs in fee; both are of the same nature, both being equitable estates. If the rule in Shelley's case applies, and construing the words "*right heirs*" as words of limitation, and not words of purchase, the estates coalesce, so as to vest the inheritance in Catharine; then she had the power of alienation; and the deed from herself and her husband to John Sherlock, in 1857, passed a good title; and the appellants would have no estate in the property, legal or equitable.

This question does not appear to have been presented in

the Court below, and was not argued at the bar. We refrain from expressing any opinion upon it, as not necessary to the decision of the present case.

*Judgment affirmed.*

(Decided 21st December, 1869.)